IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BENNIE WARD                                                      PLAINTIFF

V.                                                    NO. 4:16-CV-25-DMB-RP

ORA STARK, et al.                                              DEFENDANTS


## MEMORANDUM OPINION

Before the Court is the pro se prisoner complaint of Bennie Ward, who challenges the conditions of his confinement under 42 U.S.C. § 1983.[1]  42 U.S.C. § 1983 provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities" secured by the United States Constitution or federal laws.  Ward alleges that the defendants violated his Fourteenth Amendment right not to be punished twice for the same crime by refusing to place him at a Community Work Center based upon a previous conviction for a violent crime.  For the reasons below, Ward's complaint will be dismissed for failure to state a claim upon which relief could be granted.

### I
### Factual Allegations

Ward is a state prisoner currently in the custody of the Mississippi Department of Corrections and is serving a thirty-year sentence for possession of cocaine.  Ward admits in his complaint that he has been convicted of two violent crimes, one in 1969 and the other in 1976.  Doc. #1 at Ex. A.  Ward does not state the nature of the violent crimes in his complaint but notes that he has fully served sentences for both, received his "gold seal" from the State of Alabama, and has had his rights restored.  *Id.* at 4 & Ex. A.  He applied to the Mississippi Department of

---

[1] For the purposes of the Prison Litigation Reform Act, the Court notes that Ward was incarcerated when he filed this suit.

Corrections for Community Minimum Status so that he could be placed at a Community Work Center for the remainder of his sentence, but his application was denied "due to [a] conviction of a violent crime." *Id*. at Ex. C. On July 30, 2015, Ward submitted a grievance, arguing that using his prior convictions in determining his housing classification denied him his right to be free from double jeopardy. *Id.* at Ex. A. The grievance was denied. *Id.*

**II**
**Discussion**

The Double Jeopardy Clause of the Fifth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969). The Fourteenth Amendment's Due Process Clause protects persons against the deprivation of life, liberty, or property. To invoke its procedural protections, a claimant must establish that an interest in life, liberty, or property is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id.* (citations omitted). "Generally speaking, a prisoner has no liberty interest in his custodial classification." *Hernandez v. Velasquez*, 522 F.3d 556, 562 & n.8 (5th Cir. 2008) (citing *Wilkinson*, 545 U.S. at 221). Moreover, "[t]he initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

With respect to a liberty interest arising from a particular expectation or interest created by state laws or policies, as relevant here, such interest "will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpended manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Far from alleging "atypical" treatment, Ward alleges only that the prison considered his entire criminal history in determining his classification—just as Mississippi law requires the prison to do for all inmates. Miss. Code Ann. § 47-5-103 ("The classification hearing officer, in assigning classifications, shall consider" among other things, "the complete record of the offender's criminal history …."). Instead, Ward challenges his initial assignment to a particular institution.[2] Consequently, Ward asserts no interest protected by the Fourteenth Amendment of the United States Constitution and thus fails to allege a cognizable claim against the State of Mississippi for double jeopardy.

### III
### Conclusion

For the reasons above, Ward's complaint is **DISMISSED** for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of October, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Ward does not allege that his classification has ever changed or that he began his incarceration in Community Minimum Status or in a Community Work Center.